```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/08/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
JUAN CARLOS QUINTERO CAMPOS,                                      :
:
                Petitioner,                         :
:    25-cv-10099 (LJL)
     -v-                                                         :
:    <u>ORDER</u>
FRANCIS DELEON et al.,                                            :
:
                Respondents.                        :
:
------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

      Petitioner Juan Carlos Quintero Campos submitted a petition for habeas corpus under 28 U.S.C. § 2241 to this Court on December 4, 2025, seeking immediate release from detention. Dkt. No. 1. Mr. Campos has lived in the United States for nearly twenty years and has two teenage U.S. citizen children. *Id.* ¶ 12. He was detained by ICE agents in Port Richmond, Staten Island, "as part of an operation of indiscriminate stops of Hispanic people in immigrant neighborhoods in New York City." *Id.* ¶ 15. ICE did not conduct any individualized assessment or flight risk assessment for Petitioner upon his detention. *Id.* ¶ 16.

      Upon the Petition's assignment to this Court, the Court issued an Order prohibiting the transfer of petitioner outside the United States or the Southern District, Eastern District, or District of New Jersey. Dkt. No. 4. It also required the Government to submit a letter by 12:00 p.m. on December 6, 2025, proposing a plan for the Court's adjudication of the petition, and to state a position as to "whether the instant petition is controlled by this Court's prior opinion in *Tumba v. Francis*, 2025 WL 3079014 (S.D.N.Y. Nov. 4, 2025), and, if so, whether the Government is prepared to waive its rights to a response and to submit a letter or otherwise

consent to Petitioner's release without prejudice to its rights on appeal." Dkt. No. 4.  The parties agreed that the Petitioner could respond to the Government's letter by 12:00 p.m. on December 7, 2025.  Dkt. No. 6.

The Government timely submitted its letter, explaining that the parties agreed that venue is appropriate in the district, and that "full briefing is not necessary in this case given the Court's prior decision in *Tumba*." Dkt. No. 5 at 1.  On the facts, the Government letter added that "the Government understands from ICE that Petitioner was apprehended for the first time on December 4, and that Petitioner told ICE that he had illegally crossed the U.S.-Mexico border undetected in 2008 (after Petitioner had previously illegally entered the United States in 2003, was caught, and returned to Mexico)." *Id.*  It continued that because the primary issue presented in the Petition is whether Petitioner's detention is governed by 8 U.S.C. § 1226(a) or 8 U.S.C. § 1225(b)(2)(A), "the Court's decision in *Tumba* would likely control the result in this case if the Court adheres to that decision." *Id.* at 2.  This Court does adhere to its decision in *Tumba* and finds that to detain Petitioner, the Government must comply with 8 U.S.C. § 1226(a).  Petitioner's detention is not mandatory but requires the exercise of discretion.  *See Tumba*, 2025 WL 3079014, at *2–*6; *see also Cardenas v. Almodovar*, 2025 WL 3215573, at *2–*3 (S.D.N.Y. Nov. 18, 2025) (Furman, J.) (same).

The Government argues in its letter that even if *Tumba* controls, Petitioner is entitled to a bond hearing, but not to release.  The Government bases that argument in the fact that whereas the Petitioner in *Tumba* had previously been encountered by ICE and released on her own recognizance before her re-detention, there is no record here that Petitioner was ever previously encountered by ICE.  Dkt. No. 6 at 2.  That argument misreads the Court's decision in *Tumba*.  The Court there explained that a non-citizen's due process rights are violated when he is detained

2

under the authority of a statute, Section 1225, that does not apply, and where there is no evidence discretion was exercised before the Petitioner is detained. "A CBP officer must make an initial determination as to conditional release based on the noncitizen's danger to the community and risk of flight." *Tumba*, 2025 WL 3079014, at *7 (citing 8 C.F.R. § 236.1(c)(8)). As the Court explained, "Petitioner does not complain about an abuse of discretion by a DHS officer, or that she is being subject to prolonged detention. She contends that DHS exercised no discretion whatsoever. . . If Petitioner's initial detention itself was consistent with due process, Petitioner would undoubtedly be entitled to a bond hearing pursuant to 8 U.S.C. § 1226. But the Government's violation of Petitioner's constitutional rights originated with her detention in the first instance." *Id.*

A number of other courts that have recently considered the same question are in agreement. *See Cuy Comes v. DeLeon*, 2025 WL 3206491, at *6 (S.D.N.Y. Nov. 14, 2025) (Torres, J.) (ordering release of individual apprehended for the first time and erroneously detained pursuant to Section 1225(b)(2)); *Rocano Buestan v. McShane*, 2025 WL 3496361, at *6 (S.D.N.Y. Dec. 5, 2025) (Clarke, J.) ("a bond determination by a DHS officer or an immigration judge would not remedy the core constitutional violation at issue here. [Petitioner's] detention was unlawful from its inception because ICE detained [him] under the wrong statute and without any notice or opportunity to be heard, much less the procedures required under Section 1226(a)") (quoting *Rodriguez-Acurio v. Almodovar*, 2025 WL 3314420, at *31 (E.D.N.Y. Nov. 28, 2025)).; *Morocho v. Jamison*, 2025 WL 3296300, at *3 (E.D. Pa. Nov. 26, 2025) (same); *Guaman Lliguicota v. Cabezas*, 2025 WL 3496300, at *2 (D.N.J. Dec. 5, 2025) (same); *Alejandro v. Olson*, 2025 WL 2896348, at *9 (S.D. Ind. Oct. 11, 2025); *Lepe v. Andrews*, 2025 WL 2716910, at *10 (E.D. Cal. Sept. 23, 2025) (same); *Orea v. Francis*, 1:25-cv-10067-JMF (S.D.N.Y. Dec. 7,

2025) (ECF No. 6).

The Government has not identified any basis under 8 U.S.C. § 1226(a) that could support Petitioner's continued detention; nor do they argue in response to the petition that he presents a flight risk or danger. The appropriate remedy is his immediate release. The petition for a writ of habeas corpus is GRANTED. Respondents are ordered to release Campos from custody no later than 5:00 p.m. on December 8, 2025, and to certify compliance with the Court's order by filing an entry on the docket this evening.

The Clerk of Court is directed to close this case. The Conference scheduled for December 8 at 2:00 p.m. is cancelled.

SO ORDERED.

Dated: December 8, 2025
       New York, New York
       _____
                         LEWIS J. LIMAN
                         United States District Judge